UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| WANDA B., | ) | |
|---|---|---|
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:18-cv-00341-DBH |
| | ) | |
| ANDREW M. SAUL, Commissioner of Social Security, | ) | |
| | ) | |
| Defendant | ) | |

## REPORT AND RECOMMENDED DECISION

On Plaintiff's application for disability insurance benefits under Title II of the Social Security Act, Defendant, the Social Security Administration Commissioner, found that Plaintiff has severe impairments, but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court affirm the administrative decision.

### THE ADMINISTRATIVE FINDINGS

The Commissioner's final decision is the December 20, 2017 decision of the Administrative Law Judge. (ALJ Decision, ECF No. 9-2).[1] The ALJ's decision tracks the familiar five-step sequential evaluation process for analyzing social security disability

---

[1] Because the Appeals Council found no reason to review that decision (R. 1), Defendant's final decision is the ALJ's decision.

claims, 20 C.F.R. § 404.1520.

The ALJ found that as of December 31, 2012, the date last insured, Plaintiff had severe, but non-listing-level impairments consisting of degenerative disk disease, facet arthropathy and chronic pain. (R. 14.) The ALJ further determined that Plaintiff had a residual functional capacity (RFC) to perform light work, with no more than occasional balancing, kneeling, crouching, crawling and stooping, with sitting limited to 5 hours in an 8-hour day and standing and walking limited to 4 hours in an 8-hour day. (R. 15.)

The ALJ ultimately concluded that Plaintiff could perform past relevant work as a driver's education instructor, which job did not require Plaintiff to perform any work-related activities precluded by the RFC.

**STANDARD OF REVIEW**

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## DISCUSSION

Plaintiff argues the ALJ effectively discounted all the relevant medical opinion evidence and, therefore, the ALJ's RFC assessment is not supported by substantial evidence. Plaintiff also contends that, because a portion of the hearing transcript is inaudible, the Court cannot effectively evaluate the ALJ's decision and, therefore, remand is required.

**A.    Medical Opinions**

*Dr. Schuler's Mental RFC Assessment*

Plaintiff argues the ALJ erred in discounting the mental RFC opinion of Carl Schuler, D.O. Dr. Schuler, Plaintiff's primary care physician for approximately 20 years, completed a "Mental Residual Functional Capacity Questionnaire," dated September 20, 2016. (R. 1129-34.) The form reflects that Dr. Schuler diagnosed Plaintiff with depression. (R. 1129.) He also assessed her "mental abilities and aptitudes needed to do unskilled work" as "[l]imited but satisfactory," with the exception of her ability to "[c]omplete a normal workday and workweek without interruptions from psychologically based symptoms," which he assessed as "[s]eriously limited, but not precluded." (R. 31-32.) The ALJ gave "no weight" to Dr. Schuler's opinion as to Plaintiff's mental functional because "he is not a mental health specialist." (R. 17.)

Not insignificantly, Dr. Schuler's treatment notes do not mention depression until July 20, 2016, more than three years after Plaintiff's date last insured. (*See* R. 568.) Regardless of the merit of Dr. Schuler's assessment as of September 20, 2016, given the lack of any reference to depression in any of Dr. Schuler's records until more than three

3

years after Plaintiff's date last insured, Dr. Schuler's written form assessment cannot reasonably be construed as an assessment of Plaintiff's mental RFC before Plaintiff's date last insured. The fact that the ALJ did not find Plaintiff's depression to be a medically determinable mental impairment within the relevant period is thus supportable.[2] Likewise, the ALJ's decision to give no weight to Dr. Schuler's mental RFC opinion is supportable. An ALJ "need consider the severity of a mental impairment only to the extent that a claimant has met his or her burden of demonstrating that a 'medically determinable' mental impairment exists." *Dennett v. Astrue*, No. 08-97-B-W, 2008 WL 4876851, at *3 (D. Me. Nov. 11, 2008).

### *Dr. Schuler's Physical RFC Assessment*

The ALJ gave "little weight" to Dr. Schuler's assessment of Plaintiff's physical RFC. (R. 18.) In his "Medical Source Statement of Ability to Do Work-Related Activities (Physical)," Dr. Schuler opined that Plaintiff could occasionally lift 20 pounds, but was limited to less than six hours of sitting and less than two hours of standing or walking in an eight-hour workday. (R. 1135-36.)

A "treating source's opinion on the nature and severity of a claimant's impairments is entitled to controlling weight if it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and … not inconsistent with the other substantial evidence in [the claimant's] case record.'" *Gilson v. Colvin*, No. 1:12-cv-376-GZS, 2013 WL

---

[2] Plaintiff does not challenge that finding, or rather lack of finding, and has therefore waived any challenge to it. *Hopkins v. Astrue*, No. 07-40-P-S, 2007 WL 3023493, at *5 n.3 (D. Me. Oct. 12, 2007), *rep. & rec. adopted*, 2007 WL 3232555 (D. Me. Oct. 31, 2007).

4

5674359, at *2 (D. Me., Oct. 17, 2013) (quoting 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2)). An ALJ is not required to consider a treating physician's opinion controlling, however. *See Bowker v. Comm'r, Soc. Sec. Admin.*, No. 2:13-cv-122-DBH, 2014 WL 220733, *3 (Jan. 21, 2014) (fact that some of treating physician's opinions were inconsistent with other medical evidence in the record "deprives them of controlling weight"). The question of a claimant's RFC is, moreover, "among the issues reserved to the commissioner, with respect to which even the opinion of a treating source is entitled to no 'special significance' and cannot be assigned controlling weight." *Gilson* at *2 (quoting 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2)).

The ALJ did not have to adopt Dr. Schuler's physical RFC assessment "so long as she supplied 'good reasons' for doing so." *Vining v. Astrue*, 720 F. Supp. 2d 126, 134 (D. Me. 2010) (quoting 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2)). In her decision, the ALJ considered, but discounted, Dr. Schuler's physical RFC because (i) the assessment was inconsistent with Dr. Schuler's own treatment notes prior to Plaintiff's date last insured; and (ii) the assessment did not distinguish between Plaintiff's level of functioning before and after her date last insured. (R.18.) The ALJ's findings are supported by substantial evidence on the record, (*see* R. 16-17; *see also* R. 259, 267-68, 274-75, 499-500), and constitute good reasons for declining to give controlling weight to the opinions. No more is analysis by the ALJ is required. *See Vining*, 720 F. Supp. 2d at 134 (AJL noting that the treating physician was not a mental health professional and that her opinions were not consistent with or supported by the overall evidence sufficient to support rejection of her

opinion).³

### Dr. Webber's Testimony

The ALJ gave "little weight" to the testimony of Peter B. Webber, M.D., a medical expert; the ALJ found the testimony to be "internally inconsistent and unclear." (R. 12.) The ALJ noted that during questioning by Plaintiff's counsel at the hearing, "[l]ost … was whether the discussion was focusing on the pre-alleged onset date or post-alleged onset date records, and because of this, his testimony [was] of little probative value in this case."

An ALJ is not required to accept the testimony of a medical expert, *see, e.g., Stefanowich v. Soc. Sec. Admin. Comm'r*, No. 1:10-cv-00379-JAW, 2011 WL 4344575, at *3 (D. Me. Sept. 14, 2011), *rep. & rec. adopted*, 2011 WL 4596440 (D. Me. Oct. 4, 2011). Here, the ALJ's concerns expressed about Dr. Webber's testimony and the ALJ's decision to give "little weight" to the testimony are supportable. For instance, Dr. Webber testified at one point that Plaintiff could perform light work, but later agreed that she was limited to sedentary work. (R. 61, 62, 64.) Dr. Webber's responded with an equivocal "I think so, yes," when asked by the ALJ to confirm that prior to the date last insured, Plaintiff was suffering from degenerative disc disease with an emphasis on facet arthropathy. (R. 57.) He also expressed difficulty in determining Plaintiff's condition during the relevant period because of the length of time that had passed and the fact that Dr. Schuler saw Plaintiff (and many other patients) many times over the course of their 20-year-long doctor/patient relationship. (R. 61-62.)

---

³ Inconsistency with other medical evidence in the record is, in itself, sufficient reason to discount a treating source's opinion. *See Bowker*, 2014 WL 22073, at *3.

The inaudible portion of the hearing transcript during Dr. Webber's testimony does not invalidate the ALJ's assessment of the testimony, nor otherwise require remand. Plaintiff's counsel asked Dr. Webber the following question:

> … I know Dr. Phelps,[4] Dr. Schumer [sic] reports were … offering retrospective opinions. But they did opine that they felt that as of the DLI even that she wouldn't even be capable of sedentary work on a full-time competitive basis, that she would be able to sit for six hours cumulatively in an eight hour work day. What are your thoughts on that?

(R. 65.) Dr. Webber's response, other than the words "That would be," is noted as "inaudible" in the transcript. (*Id.*)

Plaintiff must demonstrate that the gap in the transcript either prejudices her or impedes judicial review. *See Barnes v. Barnhart*, 251 F. Supp. 2d 973, 974 (D. Me. 2003). Plaintiff has not sustained her burden. As explained above, the ALJ supportably discounted Dr. Webber's testimony regardless of the response to the question. Because the record evidence sufficiently supports the weight afforded to Dr. Webber's testimony, the inaudible response to the final question posed to Dr. Webber does not hinder judicial review nor does it prejudice Plaintiff. Indeed, to the extent Plaintiff contends the ALJ's response to the question regarding sedentary work would have been favorable to her and thus was necessary for judicial review, the record establishes that Dr. Webber's testimony as to whether Plaintiff was limited to sedentary work was not credible given his earlier testimony that Plaintiff could perform light work. In addition, to the extent Plaintiff argues that Dr.

---

[4] Robert Phelps Jr., M.D. prepared a medical report and opinion based upon a single examination of Plaintiff on September 21, 2017. (R. 1139-48.) The ALJ afforded Dr. Phelps' opinion "very little weight" because it was based on a single exam, it relied heavily on the Plaintiff's self-report, and it was inconsistent with the medical record. (R. 18.) Plaintiff did not challenge this finding with respect to Dr. Phelps' opinion.

Webber's testimony in response to the question of whether Plaintiff could sit for six hours continuously impedes judicial review because the response would have resulted in a more favorable RFC, the argument is unpersuasive insofar as the ALJ limited Plaintiff to sitting for five hours during the work day. In short, the record includes sufficient evidence for the Court to evaluate the ALJ's findings regarding Dr. Webber's testimony and Plaintiff was not prejudiced by the unavailability of Dr. Webber's response to the question posed by Plaintiff's counsel.

**B.    The ALJ's RFC Assessment**

Plaintiff also argues the ALJ's RFC assessment is unsupported by any medical opinion and, therefore, the ALJ impermissibly assessed raw medical data. In general, an ALJ may not substitute her judgment for that of an expert, nor translate raw medical data into an RFC assessment. *See, e.g., Nguyen*, 172 F.3d at 35; *Manso-Pizzaro*, 67 F.3d at 16.

The ALJ gave "significant weight" to the opinion of Jose Rabelo, M.D., the state agency's non-examining medical consultant. (R. 17.) The ALJ found that Dr. Rabel's opinion was "generally consistent with the [Plaintiff's] conservative treatment throughout the record," and noted that his opinion made "clear that it evaluate[d] the [Plaintiff's] condition through her date last insured." (*Id.*)

Dr. Rabelo opined that the Plaintiff "was capable of a restricted range of light work with sitting, standing and walking limited to about 6 hours in an 8-hour work day," and further limited Plaintiff to "occasional climbing of ramps, stairs, ladders, ropes and scaffolds, occasional balancing, stooping, kneeling, crouching and crawling." (R. 17; *see* R. 86-88.)

8

Plaintiff contends that the ALJ's RFC assessment is impermissibly based upon the "ALJ's lay assessment" in part because the ALJ's RFC assessment limited Plaintiff to sitting 5 hours and standing and walking to 4 hours in an 8-hour day. (Statement of Errors, at 4.) Plaintiff more specifically argues that the ALJ impermissibly interpreted the raw medical data because the particulars of her RFC assessment do not match the opinion of a medical expert. Plaintiff's argument is unpersuasive. An ALJ's RFC does not have to exactly match the opinion of a medical expert. As discussed above, a claimant's RFC is reserved to the ALJ, not the medical experts. *Gilson* at *2. In addition, in this case, the ALJ's RFC assessment is based on the "significant" weight afforded to the opinion of Dr. Rabelo and the limited weight she afforded the other medical opinions.[5] In short, the ALJ did not impermissibly interpret raw medical data.

Furthermore, remand is not required when an ALJ properly discounts medical opinion evidence, including a treating source, and assesses an RFC more favorable than the remaining evidence might otherwise support. *See, e.g., Davis v. Colvin*, No. 1:14-cv-343-JHR, 2015 WL 3937423 (D. Me. June 25, 2015); *Wright v. Colvin*, No. 2:14-cv-75-JHR, 2015 WL 58458 (D. Me. Jan. 5, 2015); *Soto v. Colvin*, No. 2:14-cv-28-JHR, 2015 WL 58401 (D. Me. Jan. 5, 2015). To the extent, therefore, that the RFC finding is based on, but is more restrictive than the evidence regarding Plaintiff's physical abilities (e.g.,

---

[5] As discussed above, while the ALJ supportably gave "little" weight to the physical RFC opinion of Dr. Schuler, the limitation to sitting for five hours in an eight hour day is consistent with Dr. Schuler's opinion that Plaintiff could sit for "less than 6 hours in an 8-hour workday." (R. 1135.) An ALJ may "piece together the relevant medical facts from the findings and opinions of multiple physicians." *Evangelista v. Sec'y of Health & Human Servs.*, 826 F.2d 136, 144 (1st Cir. 1987).

limited to sitting for up to 5 hours rather than "about 6 hours"), remand is not warranted.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court affirm the administrative decision.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 24th day of July, 2019.